## Bubb v. City of Sunbury

*Samuel Gubin* and *Witmer & Rice,* for plaintiff.

*W. J. B. Bloom,* for defendant.

CUMMINGS, J., January 2, 1940.—On petition, plaintiff secured a rule on defendant to show cause why he should not be given leave of court to enter his action of trespass against defendant. The petition alleges that plaintiff was

injured in his right leg, at or near the intersection of Fourth and Arch Streets in the City of Sunbury, as the result of negligence on the part of the City of Sunbury in permitting gravel and loose stones to remain in the cartway of Fourth Street for a long time prior to April 17, 1938, and permitting vehicular traffic over said Fourth Street while in said condition, resulting in a stone being hurled against the body of petitioner.

The petition further alleges that, immediately after the accident, a policeman of the City of Sunbury was called by petitioner to the scene of the accident, advised of the accident, and said officer immediately took petitioner to the Mary M. Packer Hospital, Sunbury, Pa. On the following day, April 18, 1938, petitioner reported the accident and injuries to Arthur B. Shipe, city commissioner and chairman of the department of streets of said city.

On April 28, 1938, petitioner interviewed the Mayor of the City of Sunbury, at the City Hall Building, where he reported said accident, giving a full and complete statement thereof and the injuries received, and offered to make a written statement, but did not do so by reason of the mayor stating he understood it thoroughly and the written statement would not be necessary.

Thereafter, petitioner, over a considerable period of time, had numerous negotiations with the officials of the City of Sunbury for settlement of his claim for damage, and his counsel, Carl Rice and Samuel Gubin, likewise had negotiations with the Mayor, officials, and City Solicitor of the City of Sunbury, with the view of effecting a settlement, and upon one occasion, they met with the mayor, city commission, city clerk, and solicitor at the City Hall, Sunbury, and submitted a complete statement of the various items of damage claimed by petitioner.

Thereafter, on June 15, 1939, petitioner instituted a suit in trespass in the Court of Common Pleas of North-

umberland County to no. 309, September term, 1939, and a summons in trespass and copy of the statement of claim were duly served by the Sheriff of Northumberland County on the City of Sunbury. Said summons was made returnable July 10, 1939.

Petitioner prays the court for leave to enter his action to recover damages resulting from said accident.

Respondent, City of Sunbury, filed its answer, denying negligence on the part of the city, admitting that, after the accident, a police officer of the City of Sunbury came to the scene of the accident, was advised of the accident by petitioner, and took petitioner to the hospital; admits petitioner orally reported the accident to Arthur B. Shipe, a commissioner of said city and head of its department of streets; admits that on or about April 28, 1938, petitioner, at the office of Morris R. Michaels, Mayor of the City of Sunbury, personally and orally reported to him the alleged accident, but denies petitioner offered to make a written statement, as he claimed, to said mayor; admits a meeting of petitioner's counsel with the Mayor and City Solicitor of the City of Sunbury—that upon one occasion, they met with the city solicitor, city commission, mayor, and city clerk and submitted a statement of the various items of damages of petitioner, but denies, however, that said statement was in writing.

Testimony on the part of petitioner and respondent was taken before the court on July 17, 1939, from which it appears that petitioner was injured April 17, 1939, at or near the intersection of Fourth and Arch Streets, in said city, by having been struck on his right leg by a stone hurled or thrown by an automobile. Immediately after the accident, a policeman of the City of Sunbury was called to the scene of the accident, advised of it by petitioner, who was then taken by the officer to the Mary M. Packer Hospital at Sunbury. On April 18, 1938, petitioner reported the accident and injuries to Arthur B. Shipe, City Commissioner and Chairman of the Depart-

ment of Streets of the City of Sunbury. On April 28, 1938, petitioner called at City Hall and reported his accident to Mayor Morris B. Michaels, giving him a full and complete statement of said accident and the injuries received by him on April 17, 1938. Thereafter, covering several weeks' time, petitioner had numerous negotiations with city officials of the City of Sunbury for a settlement of his claim for damages. Counsel for petitioner, Carl Rice and Samuel Gubin, likewise had negotiations with the Mayor, officials, and Solicitor of the City of Sunbury, with a view of settling the claim of petitioner.

As a result of negotiations between petitioner, petitioner's counsel, the Mayor, and City Commission of the City of Sunbury prior to October 7, 1938, W. J. B. Bloom, city solicitor, requested of counsel for petitioner to have petitioner submit to a physical examination by a physician employed or to be employed by the City of Sunbury, to which counsel for petitioner agreed, provided the physician of the petitioner be present at the time of the said examination. The Commission of the City of Sunbury employed Dr. George A. Dietrick to make an examination of petitioner; the examination having been made on October 7, 1938. Dr. Dietrick, physician for the City of Sunbury, did not make a report of his examination of petitioner to the City of Sunbury until January 26, 1939.

On March 7, 1939, counsel for petitioner met the mayor and all members of the city commission, the city solicitor, and city clerk at the council rooms, submitting an offer of settlement. The city commission requested it be furnished with the various items of expense, which were read by counsel for petitioner to the city commission. The commission stated it would consider the matter and a short time later, through the city solicitor, offered petitioner $200 in settlement, which was refused, suit being instituted shortly thereafter, to wit, June 15, 1939. The writ issued was returnable July 10, 1939.

During all the negotiations, neither counsel for petitioner or respondent knew of the Act of July 1, 1937,

P. L. 2547, providing for the filing of a written notice by a claimant with the city clerk. On June 27, 1939, counsel for petitioner, having discovered the said act, one of said counsel for petitioner called on the city solicitor with the view of having him agree not to take advantage of said act, the city solicitor stating personally he would not take advantage, but would have to refer it to the city commission, and on July 1, 1939, the city solicitor filed an affidavit of defense, raising questions of law, in which he invoked the provisions of the Act of 1937, supra.

Suit was discontinued and a petition for leave to bring another action was presented.

At no time within six months of the date of the origin of the claim, or later, did petitioner file in the office of the City Clerk of the City of Sunbury a notice in writing of his claim, stating the facts upon which it was based.

At the time of argument, counsel for petitioner moved the court for leave to amend the original petition filed as follows:

"Petitioner further avers that the City of Sunbury received full facts and information concerning the accident and the injuries received during the six months after they occurred and was not prejudiced in any respect by the absence of a written notice of such facts and that the council* of the City of Sunbury officially acted upon said information by a meeting of council* in which the injuries to the plaintiff were discussed and considered and by official action employed a physician within six months from the date of the origin of the claim for damages to examine the plaintiff and that such examination was made within six months from the date of the accident and injury received by plaintiff, to wit, on October 7, 1938."

This motion was objected to by counsel for respondent, City of Sunbury. The Act of July 1, 1937, P. L. 2547, provides:

---

* Should be commission.

"That hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district, or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

We agree with Judge MacDade of the Court of Common Pleas of Delaware County and other judges that the legislature had in mind in passing the Act of 1937, that "there was a mischief to be remedied of having stale claims brought against a municipality long after there was any chance for it to secure witnesses, and the object to be attained was the giving of notice to the municipality in time to prepare a defense": Wilson v. City of Chester, 37 D. & C. 37, 42.

In the case under consideration, while no written notice of an intention to institute suit, as provided by the act, was filed with the City Clerk of the City of Sunbury, the mayor and the city commission were in possession of all of the facts with relation to this accident. It had been investigated by the city, and numerous conferences with the mayor and the city commission were had by petitioner and his counsel with relation to the settlement of his claim within the six months' period provided by the act.

The city commission after its investigation and before the expiration of the six months' period, employed a physician, who, after request on the part of the solicitor

for the City of Sunbury of counsel for petitioner, assented to by counsel for petitioner, made an examination of petitioner on October 7, 1938, which was within the six months' period, with the object of eventually settling the claim. By reason of the city physician's failure to report his examination for some time, negotiations were stopped until after the report of the physician with relation to it, when the negotiations again began—the city eventually making an offer of settlement of $200, which was refused and suit instituted.

Ignorance of the law is no excuse. However, had not counsel for petitioner advised the city solicitor of the existence of the Act of 1937, we are quite sure the provisions of said act would not have been invoked in this suit. We are of opinion that by reason of the City of Sunbury having entered into negotiations for the settlement of the claim of petitioner within the six months' period and, having taken official action by the employment of a physician for the examination of petitioner within the period of six months, the examination having been made within said period, and having been made with the object of a settlement, and the long-delayed report of the city physician relative to the examination—constitute a reasonable excuse for failure to file the notice in writing required, and is ample and sufficient reason for the court, in the exercise of its discretion, to grant leave to petitioner to enter his action.

We are likewise of opinion in view of the City of Sunbury having been fully informed of all facts in connection with the accident immediately thereafter, and having made its investigation with relation thereto within the six months' period provided by the act, it cannot in any way be prejudiced by the institution of a new suit by petitioner; that the City of Sunbury, by reason of having taken official action with relation to the accident, has waived the provisions of the Act of 1937, and is estopped from setting up said act as a defense. To hold otherwise would, in our opinion, work a miscarriage of justice.

*Order*

And now, to wit, January 2, 1940, for the above reasons the rule granted in this case is made absolute; 15 days from the filing of this opinion is granted William I. Bubb, petitioner, to enter his action in trespass against the City of Sunbury.